UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Margaret A. Lanzetta and Paul Lanzetta, ) | Civil Action No.: 4:16-cv-03390-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Hyundai Motor America, Inc., Hyundai ) | |
| Motor Company, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on Defendants' motions [ECF Nos. 84 & 95] to seal exhibits to the following motions: 1) Defendants' [ECF No. 82] motion for summary judgment; 2) Defendants' [ECF No. 83] *Daubert* motion to exclude opinions and related testimony of Larry Sicher; 3) Defendants' [ECF No. 86] motion *in limine* to exclude assertions that the subject seat fails Hyundai Engineering Standard ES88001-10; and 4) Defendants' [ECF No. 88] motion *in limine* to exclude all statements, arguments, or suggestions that Plaintiff "ramped."

Defendants argue the exhibits contain confidential technical documents that contain commercially sensitive information that is proprietary to Defendant Hyundai Motor Company. Defendants also assert that each of the exhibits is a trade secret, as defined by the Defend Trade Secrets Act, 18 U.S.C. § 1839(3), and the South Carolina Trade Secrets Act, S.C. Code Ann. § 39-8-20(5). Plaintiffs do not object to the motion to seal.

The court has reviewed the materials submitted on this matter. In accordance with *In re Knight Publishing Company,* 743 F.2d 231 (4th Cir. 1984), the court grants the foregoing motions to seal.

Public notice of the motions to seal was accomplished by docketing the motions to seal

"reasonably in advance of deciding the issue." *In re Knight Publishing Co.*, 743 F.2d at 235. Pursuant to Local Civil Rule 5.03, the notice requirement may be accomplished by docketing the motion in a manner that discloses its nature as a motion to seal. *See* Local Civil Rule 5.03(D) (D.S.C.).  The motions to seal were docketed as motions to seal and were filed on April 7, 2020, and April 14, 2020.  Any interested party has had sufficient time to seek intervention to contest any sealing order, but no opposition has been filed.

The Court has considered less drastic alternatives to sealing the exhibits and finds that less drastic alternatives are not appropriate in this case, as the documents and items concern confidential and proprietary information of Defendants, the disclosure of which may cause financial harm.  The court has independently reviewed the documents and items in camera and concludes that they do not lend themselves to selective redaction.

The court finds persuasive the arguments of counsel in favor of sealing the exhibits and rejecting the alternatives.  The exhibits constitute trade secrets, which, if disclosed, would provide an unfair competitive advantage to Defendants' competitors.  Courts have specifically recognized an exception to the public's right of access when a case involves trade secrets. *See ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 428 (M.D.N.C. 2011).  The court notes that the litigant's interest in nondisclosure of such confidential commercial and proprietary information outweighs the public's right to access the exhibits. *See May v. Medtronic Inc.*, No. CA 6:05-794-HMH, 2006 WL 1328765, *1 (D.S.C. May 15, 2006). The confidential and sensitive nature of the information in the exhibits at issue requires that they be sealed. Therefore, the court **GRANTS** Defendants' motions to seal [ECF Nos. 84 & 95].

IT IS SO ORDERED.

April 28, 2020  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge